NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILENTA CARTING, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WENNER BREAD PRODUCTS, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 16-6709 (CCC-MF) <br><br> **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of motion of Defendant Wenner Bread Products, Inc. ("Defendant") to dismiss the Complaint of Plaintiffs Wilenta Carting, Inc. and Wilenta Feed, Inc. ("Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 4. Plaintiffs oppose the motion. ECF No. 9. No oral argument was heard pursuant to Fed. R. Civ. P. 78.[1] For the reasons set forth below, the motion is granted in part and denied in part.

I. **BACKGROUND**

In or around March 2015, Plaintiffs assert they entered into an agreement (the "Agreement") with Defendant whereby Plaintiffs would be Defendant's exclusive hauler and Plaintiffs would provide services, equipment, and materials for a period of two years and eleven months, from March 2015 through February 2018. ECF No. 1-1 at 3. The parties do not dispute that Plaintiffs rendered services to Defendant for a period of ten months, and that Defendant has paid for these services at least in part. Id.; ECF No. 4-1 at 2.

---

[1] Any argument not raised by Defendant is deemed waived. See Flora v. Cty. of Luzerne, 776 F.3d 169, 174 n.8 (3d Cir. 2015) (noting that failure to raise argument in 12(b)(6) motion constitutes waiver).

1

Defendant allegedly breached the agreement during the pendency of the contractual period, as well as by unilaterally terminating Defendant's relationship with Plaintiffs in early 2016 before the end of the contractual period and then using the services of a competitor. ECF No. 1-1 at 5.

On August 26, 2016, Plaintiffs filed their Complaint in the Superior Court of New Jersey, Law Division Hudson County. ECF No. 1-1. The Complaint asserts seven claims arising out of the alleged Agreement: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) quantum meruit; (5) unjust enrichment; (6) respondeat superior/vicarious liability; and (7) punitive damages. Id. On October 7, 2016, Defendant removed the action based upon diversity jurisdiction.[2] ECF No. 1.

On October 28, 2016, Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 4. On November 21, 2016, Plaintiffs opposed the motion to dismiss. ECF No. 9. On November 28, 2016, Defendant filed a response. ECF No. 10. On December 2, 2016, Plaintiffs filed a letter sur-reply. ECF No. 11.

## II. **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Nevertheless, "[a] pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a

---

[2] As jurisdiction is based on diversity of citizenship, state law must provide the substantive law to govern this dispute. Both parties use New Jersey law and neither party disputes that New Jersey law applies. As such, the Court will apply New Jersey law for purposes of addressing the instant motion.

cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

### III. DISCUSSION

#### A. Defendant's motion to dismiss is denied as to Counts One and Two

Defendant argues Plaintiffs' claims for breach of contract (Count One) and breach of the implied covenant of good faith and fair dealing (Count Two) fail to state a claim because there is no contract between the parties. ECF No. 4-1. "A party alleging breach of contract satisfies its pleading requirement if it alleges '(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties.'" MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 735 (D.N.J. 2008) (quoting Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). "An implied covenant of good faith and fair dealing is present in all contracts governed by New Jersey law." Accord Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 169-70 (3d Cir. 2001).

Plaintiffs alleged an exclusive dealings contract for services existed, which Defendant breached, resulting in damages to Plaintiffs, who performed under the contract.[3] ECF No. 1-1 at 3. Plaintiffs entered into the agreement with Defendant in or around March 2015. Id. Plaintiffs would be Defendant's exclusive hauler and would provide related services, equipment, and materials including but not limited to: waste removal, supplying a 35-yard self-contained feed compactor for bread and dough waste, installation work related to supplying the feed compactor, supplying plastic carts to load waste, install a cart dumper and enclosed steel chute for the feed

---

[3] The Court notes that Plaintiffs state in a sur-reply letter that the Agreement was oral. ECF No. 11 at 1. However, this is not apparent on the face of the Complaint and no party has raised a statute of frauds issue.

3

compactor, install a trash compactor, provide 24-hour service and maintenance, etc. for a period of two years and eleven months, from March 2015 through February 2018. ECF No. 1-1 at 3-4.

Defendant allegedly failed to provide Plaintiffs with dry bakery byproduct material as promised; failed to timely inform or call Plaintiffs when hauling services were needed; negligently overloaded the compactors and chutes with waste; and made the compactors inaccessible for Plaintiffs to perform maintenance and overhauling services. ECF No. 1-1 at 4-5. Additionally, Defendant's unilateral termination of Plaintiffs and hiring of a competitor allegedly breached the contract and resulted in damages, including lost profits. Id.

As a result of these breaches, Plaintiffs allegedly suffered damages, including the time and expense to purchase and install additional equipment to handle the byproduct material that Defendant was actually producing, clean Defendant's premises from the overloaded compactors and chutes, and make the compactors accessible to Plaintiffs for hauling purposes. Id. at 5.

Plaintiffs claim they worked in tandem to perform, and did perform, all of their obligations under the Agreement. ECF No. 1-1 at 4-5. Therefore, at this early stage of the litigation, the facts alleged by Plaintiffs are sufficient to satisfy the pleading requirements. Fed. R. Civ. P. 8(a).

Accordingly, Defendant's motion to dismiss is denied as to Count One.

### B. Defendant's motion to dismiss is denied as to Counts Three, Four, and Five

Defendant argues that Plaintiffs' quasi-contractual claims for quantum meruit, unjust enrichment, and promissory estoppel fail as mutually exclusive with the underlying the breach of contract claim and for failure to state a claim as being based upon the same facts alleged under the breach of contract claim. However, a plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively. . . . If a party makes alternative statements, the

pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Thus, at this early stage of the litigation, Plaintiffs claims for promissory estoppel, quantum meruit, and unjust enrichment are not barred as mutually exclusive and do not fail to state a claim merely because the facts alleged are the same facts alleged in support of the breach of contract claim.

### C. Defendant's motion to dismiss is granted as to Count Six

Plaintiffs consent to dismissing the claim for respondeat superior/vicarious liability without prejudice. ECF No. 9 at 22 n.2. Thus, Defendant's motion to dismiss is granted as to Count Six.[4]

### D. Defendant's motion to dismiss is granted as to Count Seven

Defendant argues Plaintiffs' claim for punitive damages fails as impermissible in a breach of contract case as a matter of law. However, Plaintiff pleads several theories of recovery, only one of which is breach of contract. Defendant does not appear to argue as to why Plaintiff is not entitled to punitive damages with regard to the other claims. Therefore, Defendant's motion to dismiss is denied as to Count Seven.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied part. Defendant's motion to dismiss is granted as to Count Six (respondeat superior/vicarious liability) and denied as to Counts One (breach of contract), Two (breach of the implied duty of good faith and fair dealing), Three (promissory estoppel), Four (quantum meruit), Five (unjust enrichment), and Seven (punitive damages). An appropriate Order accompanies this Opinion.

Date: June 28, 2017

CLAIRE C. CECCHI, U.S.D.J.

---

[4] The Court declines to dismiss with prejudice at this time.